HEATHER E. WILLIAMS, #122664
Federal Defender
LINDA C. ALLISON, #179741
Chief Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel:  916-498-5700
Linda_allison@fd.org

Attorneys for Defendant
GEORGE J. JUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GEORGE J. JUNG,<br><br>　　　　　Defendant. | Case No.  2:16-CR-0073 KJM<br><br>PETITION FOR DISCLOSURE OF PROBATION RECORDS PURSUANT TO LOCAL RULE 461; PROPOSED ORDER<br><br>Judge:  Deborah Barnes, U.S. Magistrate Judge |

　　　　Federal Rule of Evidence 32.1(b) states that at a revocation hearing the defendant is entitled to disclosure of evidence to be used against him.  Witness statements are also to be disclosed pursuant to subsection (e) of that rule.  Eastern District of California Local Rule 461 provides that although probation records are confidential "any applicant seeking an order authorizing further disclosure of confidential records maintained by the probation office shall file a written petition to the Court establishing with particularity the need for specific information in the records".  Defense Counsel hereby requests that the probation officer allow defense counsel to review the entire probation file regarding Mr. Jung in advance of the revocation hearing set for January 4, 2017 at 9:00 am before Judge Mueller.  Mr. Jung is in custody.

　　　　A superseding petition has been filed to revoke Mr. Jung's supervision.  He is currently in custody pending the outcome of the petition.  Although he has admitted some of the charges, a

hearing is still scheduled for the remainder. Those charges include:

1. Charge 1 alleges "excessive use of alcohol" dating from November 2014 to the present date.

2. Charge 5 alleges excessive use of alcohol on August 6, 2016.

3. Charge 6 alleges a failure to disclose income in July 2016.

4. Charge 7 alleges that Mr. Jung lied to probation on numerous dates as to all sorts of issues, although none of the lies are specifically alleged.

In addition to the charges the probation officer alleges in the petition, and in support of detention, the petition alleges patterns of drinking, lying and "noncompliant behavior". Because the allegations alleged patterns of behavior discerned by probation, and because the behavior encompasses the entire term of supervision, the defense requests to review the probation officer's entire file which presumably documents these allegations in order to prepare for defending these allegations and in order to prepare for sentencing on the allegations that have already been admitted. Examination of the file is also necessary in order to establish that Mr. Jung was in substantial compliance with his conditions of supervision.

The Supreme Court has held that "the minimum requirements of due process" applicable to revocation of parole include "disclosure to the parolee of evidence against him." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993) (holding that the due process requirements for parole revocation under Morrissey also apply to supervised release revocations). Rule 32.1(b)(2) specifically requires that in a revocation hearing the probationer "is entitled to disclosure of the evidence" against him. The Ninth Circuit has emphasized the importance of giving the supervisee the opportunity to examine the evidence against him, stating, "The more significant particular evidence is to a finding, the more important it is that the releasee be given an opportunity to demonstrate that the proffered evidence does not reflect 'verified fact.'" *Martin,* 984 F.2d at 311. "Society…has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions." *Morrissey*, 408 U.S. at 484.

A proposed order is attached for the Court's convenience. No hearing is requested unless the Court deems one necessary to decide the issue.

Dated: December 21, 2016

        HEATHER E. WILLIAMS
        Federal Defender

        LINDA C. ALLISON
        Chief Assistant Federal Defender


        /s/  Linda C. Allison
        Attorneys for Defendant
        GEORGE J. JUNG

## ORDER

Having considered the petition above, and the justification provided for the request for disclosure of the probation officer's file, the Court hereby authorizes and orders the probation officer to allow defense counsel to examine Mr. Jung's entire file.

Dated: December 22, 2016

        _____
        DEBORAH BARNES
        UNITED STATES MAGISTRATE JUDGE